JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
STEVEN DEPAUL

**DEFENDANTS**
CORRECTIONAL OFFICERS SHERMAN, SGT "KP", UNKNOWN CORRECTIONAL OFFICERS OF CELL BLOCK 2D...

(b) County of Residence of First Listed Plaintiff: **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Delaware**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph Oxman, Esquire, Oxman Goodstadt Kuritz P.C.
1518 Walnut Street, Suite 1010, Phila, PA. 19102;
215-665-9999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | [X] 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983 of the Civil Right Act

Brief description of cause:
Deliberate Indifference and Failure to Protect under the 8th and 14th Amendments

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: November 18, 2025
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

Place of Accident, Incident, or Transaction: __George Hill Correctional Facility__

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ is not related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*
   1. Indemnity Contract, Marine Contract, and All Other Contracts
   2. FELA
   3. Jones Act-Personal Injury
   4. Antitrust
   5. Wage and Hour Class Action/Collective Action
   6. Patent
   7. Copyright/Trademark
   8. Employment
   9. Labor-Management Relations
   ☒ 10. Civil Rights
   11. Habeas Corpus
   12. Securities Cases
   13. Social Security Review Cases
   14. Qui Tam Cases
   15. Cases Seeking Systemic Relief *see certification below*
   16. All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*
   1. Insurance Contract and Other Contracts
   2. Airplane Personal Injury
   3. Assault, Defamation
   4. Marine Personal Injury
   5. Motor Vehicle Personal Injury
   6. Other Personal Injury (*Please specify*):_____
   7. Products Liability
   8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☒ does not have implications beyond the parties before the court and ☐ does / ☒ does not seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

OXMAN, GOODSTADT, & KURITZ
BY: JOSEPH S. OXMAN, ESQUIRE
IDENTIFICATION NO: 207956
1518 Walnut Street, Suite 1010
Philadelphia, PA 19102
(215) 665-9999
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN DEPAUL<br>    Plaintiff,<br>vs.<br><br>CORRECTIONAL OFFICER SHERMAN, CORRECTIONAL OFFICER SGT. "KP", UNKNOWN CORRECTIONAL OFFICERS OF GEORGE HILL CORRECTIONAL FACILITY CELL BLOCK 6D and<br><br>THE COUNTY OF DELAWARE<br>    Defendants | CIVIL ACTION NO<br><br>JURY TRIAL DEMANDED<br><br>**COMPLAINT** |

Plaintiff, Steven DePaul, by way of complaint against defendants, says:

### **PARTIES**

1. Plaintiff, Steven DePaul, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 923 Hamilton Street, Norristown, PA.

2. At relevant times alleged herein, Plaintiff was an inmate confined at the George Hill Correctional Facility, Thorton, PA.

3. Defendants Correctional Officer Sherman (hereinafter referred to as "Sherman"), Correctional Officer Sgt. KP (hereinafter referred to as "KP") and Unknown Correctional Officers of cell block 6D (hereinafter referred to as "Unknown COs") were George Hill Correctional Facility Correctional Officers, as individuals, citizens and residents of the Commonwealth of Pennsylvania, who were, at all times relevant, employees of the George Hill

Correctional Facility and the County of Delaware, acting individually, under color of law and within the scope of their respective duties.

4. Defendant, County of Delaware, operates and maintains The George Hill Correctional Facility, Thorton, PA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the lawsuit because the action is brought pursuant to the Eighth and Fourteenth Amendments to the United States Constitution and under Title 42 U.S.C. §1983.

6. The Court has supplemental jurisdiction under 28 U.S.C. 1367 over Plaintiffs claims arising under State law, including but not limited to violations of State Constitutional rights against defendants for intentional infliction of emotional distress and other causes of actions that are related to the claims within the Court's original jurisdiction and form part of the same case or controversy under Article 3 of the United States Constitution.

7. Venue is proper in this court pursuant to 28 U.S.C. §1391, as plaintiff's harm and his civil claims at issue arose in this judicial district.

## COMPLAINT
## GENERAL ALLEGATIONS

8. It is believed that defendants, Sherman, and Unknown Correctional Officers were required to comply with Pennsylvania Minimum Operating Standards set forth by Title 37, Chapter 95 of the Pennsylvania Code.

9. It is believed and averred that defendants Sherman, and Unknown Correctional Officers were required to inspect the George Hill Jail/Cell Block and enforce its compliance with the Commonwealth Minimum Operating Standards for Safety for Inmates, including Plaintiff.

10. On or about November 21, 2023, plaintiff was making a phone call in the cell block 6D common area when he was attacked, punched and rendered unconscious by inmate Bayock Robinson causing two broken teeth, a broken nose and several stitches to his right eyebrow.

11. The assault on the plaintiff lasted over ten minutes without any Correctional Officer intervening to stop the assault.

12. After the plaintiff regained consciousness, he dragged himself on the prison floor to his cell and tried to lock himself into his cell. After several more minutes passed, defendants Sherman and KP entered plaintiff's cell, handcuffed him and took him to the medical unit.

13. After an hour in the medical unit, plaintiff was transported to Riddle Hospital. Two days later, plaintiff was transported from Riddle Hospital back to George Hill Correctional Facility and placed in the Restrictive Housing Unit.

14. No surveillance cameras were working in the plaintiff's jail pod.

15. No pictures were taken of client's injuries by the jail.

16. Nurses in the medical until of the jail were directed by correctional officers to not take pictures of plaintiff's injuries.

17. After plaintiff was released from the RHU, he was placed on cell block 8A with his attacker, Bayock Robinson which put the plaintiff in constant fear.

18. Defendants Sherman, KP and Unknown Correctional Officers were present, either through video surveillance, or physically present during plaintiff's attacks and did not intervene to protect plaintiff from harm.

19. During plaintiff's assaults and physical attacks, defendants Sherman, KP and Unknown Correctional Officers were physically present and watched the assault of plaintiff by the inmates mentioned above and either encouraged the beating of plaintiff, and/or did nothing to prevent, protect or intervene in the attack and assault of the plaintiff.

20.     Then, on December 1, 2023, plaintiff was again assaulted by another inmate in block 6D, named Jazmar, while other inmates keep plaintiff's cell door pushed shut so plaintiff could not escape the beating.

21.     Plaintiff was left unconiouss on the floor of his cell with a broken checkbone.

22.     The assault lasted over ten minutes until defendants Sherman, KP and Unknown Correctional Officers arrived to plaintiff's cell.

23.     As a direct and proximate result of defendants Sherman, KP and Unknown Correctional Officers deliberate indifference, reckless disregard, wrongful conduct, under color of law, and in violation of plaintiff's constitutional rights, plaintiff suffered grievous injuries and damages incorporated by reference.

**COUNT I**
**PLAINTIFF STEVEN DEPAUL vs. DEFENDANTS SHERMAN, KP and UNKNOWN CORRECTIONAL OFFICERS**
**DELIBERATE INDIFFERENCE TO SAFETY/FAILURE TO PROTECT UNDER THE 8th and 14th AMENDMENTS**

24.     The foregoing paragraphs are incorporated by reference.

25.     Defendants, identified above, knew of and deliberately disregarded the excessive risk of harm to the plaintiff's health and safety posed by the inmate assault specifically when Oon November 21, 2023 and December 1, 2023, plaintiff was violently attacked in front of defendants who did not intervene or act to protect plaintiff and, instead, deliberately permitted plaintiff to be beaten and disfigured.

26.     Defendants Sherman, KP and Unknown Correctional Officers deliberately and or recklessly failed to properly protect the plaintiff through their classification policies and procedures, who defendants knew was in imminent danger of inmate assault.

27.     As a result of the defendants Sherman, KP and Unknown Correctional Officers deliberate indifference, through failing to protect plaintiff physically and their failure to properly classify

the plaintiff, Steven DePaul sustained severe and significant physical injuries including being repeatedly hit in his face causing several broken teeth and a hairline fracture of his jaw.

28. As a result of the inmate assault, plaintiff is entitled to relief under 42 U.S.C. § 1983.

**COUNT II**
**PLAINTIFF STEVE DEPAUL vs. DEFENDANTS SHERMAN, KP and UNKNOWN CORRECTIONAL OFFICERS**
**FAILURE TO INTERVENE**
**UNDER THE 8th and 14th AMENDMENTS**

29. The foregoing paragraphs are incorporated by reference.

30. Defendants, identified above, had an affirmative duty to intervene on behalf of the plaintiff whose constitutional rights were being violated in their presence while plaintiff was being assaulted by other inmates.

31. Defendants Sherman, KP and Unknown Correctional Officers failed to intervene to prevent the unlawful assault of plaintiff and either encouraged the beating of plaintiff, and/or did nothing to prevent, protect or intervene in the attack and assault of the plaintiff.

32. Specifically, defendants Sherman, KP and Unknown Correctional Officers deliberately ignored the repeated written and verbal requests by plaintiff that he was being harassed by other inmates and wanted to be moved out of his jail pod and into protective custody.

33. The plaintiff was repeatedly punched in his head by inmates causing him to be knocked unconscious, broken teeth and a fracture to his face which defendants failed to stop.

34. Defendants Sherman, KP and Unknown Correctional Officers deliberately and or recklessly failed to protect the plaintiff when they knew that allowing plaintiff to be housed with inmate assailants would cause plaintiff to be viciously assaulted.

35. As a result of the defendants Sherman, KP and Unknown Correctional Officers deliberate indifference, plaintiff was put in fear of his safety and subjected to unjustified physical abuse and sustained severe and significant physical injuries.

was deprived of his State and Federal Constitutional Rights as aforementioned, and will suffer economic damages and was otherwise damaged.

51. The incident has also resulted in injuries requiring psychological attention and plaintiff has suffered and will suffer in the future from permanent residuals.

## ATTORNEY FEES

52. It was necessary for plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b).

## PRAYER

53. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

54. Wherefore, plaintiff demands judgment against Defendants Sherman, KP and Unknown Correctional Officers individually, jointly and/or in the alternative for: compensatory damages, punitive damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

55. Wherefore, plaintiff demands judgment against Defendant County of Delaware individually, jointly and/or in the alternative for: compensatory damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

56. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

Respectfully submitted,

_____
Joseph Oxman, Esquire
Attorney for Plaintiff

## **VERIFICATION**

The undersigned hereby verifies that the within document is based on first-hand information and on information furnished to counsel and obtained by him in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by him during the course of this lawsuit, affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

_____
PLAINTIFF